UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CENTRO PRESENTE, a membership organization; HAITIAN-AMERICANS UNITED, INC., a membership organization; JUAN CARLOS VIDAL; ANNE CHRISTINE NICOLAS; CHRIS JEAN BAPTISTE; MERCEDES MATA; CAROLINA MATA; WILL ARIAS; JUAN AMAYA; MARIA GUERRA; JOSUE DORFEUILLE; NATACHA DORFEUILLE; YESY PATRICIA CARBAJAL; JUAN GUERRERO; JAIME YANES; and JOSE OMAR RODRIGUEZ VARELA,<br><br>              Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KIRSTJEN NIELSEN, Secretary of the Department of Homeland Security in her official capacity; and ELAINE COSTANZO DUKE, Deputy Secretary of the Department of Homeland Security in her official capacity,<br><br>              Defendants. | No. 1:18-cv-10340-DJC |

**JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1(D)**

The parties in this action submit the following in accordance with Local Rule 16.1 and the Court's July 27, 2018 Notice of Scheduling Conference, ECF 48.

**I.      Joint Proposed Schedule**

      **A.      Initial Disclosures**

If required, *see* part VII *infra*, the parties will serve initial disclosures on or before September 21, 2018.

**B.     Joinder of Additional Parties and Amendments to Pleadings**

Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after October 10, 2018.

**C.     Fact Discovery**

Fact discovery will be completed by April 19, 2019. No written discovery shall be served after March 15, 2019.

**D.     Expert Discovery**

Plaintiffs shall identify their expert(s) in support of their claims, if any (including the disclosure of previous testimony and publications required by Fed. R. Civ. P. 26(a)(2)(B)(iv)-(v)), by February 1, 2019.

Defendants shall identify their expert(s) in support of their defenses, if any (including the disclosure of previous testimony and publications required by Fed. R. Civ. P. 26(a)(2)(B)(iv)-(v)), by February 22, 2019.

The parties shall serve expert reports, if required, pursuant to Fed. R. Civ. P. 26(a)(2)(B) by March 15, 2019.

Rebuttal expert reports, if any, shall be served by April 12, 2019.

Expert discovery will be completed by April 26, 2019.

**E.     Dispositive Motions**

Temporary Protected Status ("TPS") for the three countries at issue in this action will expire on the following dates:

|  |  |
|---|---|
| Haiti | July 22, 2019 |
| El Salvador | September 9, 2019 |
| Honduras | January 5, 2020 |

In accordance with the above scheduling items, the parties expect to complete discovery in advance of these dates in order to proceed with summary judgment motions, or, if necessary, for Plaintiffs to seek provisional relief to enjoin the effective date of the TPS terminations. The parties therefore request that the Court set a briefing schedule and hearing date for their anticipated dispositive motions and/or Plaintiffs' motion for preliminary injunction sufficiently in advance of the first TPS termination date, July 22, 2019, to allow for sufficient time for either party to seek appellate review.

The parties respectfully propose the following schedule:

> Plaintiffs' Motion for Preliminary Injunction *or* Motion for Summary Judgment to be filed by May 3, 2019
>
> Defendants' Opposition Brief to Motion for Preliminary Injunction *or* Cross-Motion for Summary Judgment and Opposition Brief to Motion for Summary Judgment to be filed by May 17, 2019
>
> Plaintiffs' Reply Brief in Support of Motion for Preliminary Injunction *or* Opposition Brief to Cross-Motion for Summary Judgment and Reply Brief in Support of Motion for Summary Judgment to be filed by May 27, 2019
>
> Defendants' Reply Brief in Support of Cross-Motion for Summary Judgment, if applicable, to be filed by June 5, 2019
>
> Hearing on or about June 14, 2019

As the case may be resolved on cross-motions for summary judgment, the parties suggest that the Court defer scheduling a pretrial conference or trial dates at this time. The parties likewise suggest that the Court defer scheduling a settlement conference.

## II.   Other Discovery Matters

### A.   Phased Discovery

The parties do not seek to phase discovery at this time.

**B.     Discovery Event Limitations**

The parties currently do not anticipate seeking discovery events beyond the limitations set forth in Local Rule 26.1(c).

**C.     Confidentiality and Protective Order**

The parties agree to negotiate a confidentiality agreement and proposed protective order for entry by this Court.

Subject to the Court's approval, in their initial conversations the parties have stipulated that phone numbers, email addresses, and addresses contained in documents produced during discovery will be redacted if publicly filed as an exhibit to a motion or other document or otherwise disseminated.  The parties reserve their right to redact purely personal contact information to the extent such information appears in any documents produced in discovery.

**III.   Settlement Proposals**

Plaintiffs served their settlement proposal to counsel for Defendants on August 28, 2018. Defendants will consider the proposal and will state their position on the proposal at the September 7, 2018, scheduling conference, consistent with the requirements of Local Rule 16.1(c).

**IV.    Trial by Magistrate Judge**

The parties do not consent to trial by a Magistrate Judge.

**V.     Concise Summary of the Parties' Positions**

**A.     Concise Summary of the Plaintiffs' Position**

Plaintiffs seek injunctive and declaratory relief from Defendants to remedy the deficient review process that resulted in the terminations of TPS designations for El Salvador, Haiti, and Honduras, removing the TPS protection for well over 400,000 individuals currently residing in the United States.  Prior to the current administration, officials evaluating whether or not to

extend TPS designations consistently accounted for intervening, subsequent natural disasters and corresponding economic and governmental instability, even though such conditions may have arose after the initial TPS designations.  Defendants have instead adopted an artificially constrained view of the TPS statute to determine whether designations should be extended or terminated.  Specifically, Defendants review a given country's conditions only with respect to the original disaster or other condition that gave rise to the initial designation.  The imposition of this new rule has in turn translated to the terminations of TPS designations for each of El Salvador, Haiti, and Honduras.

Defendants' conduct violates the equal protection and due process guarantees of the Fifth Amendment of the Constitution because the terminations were motivated by intentional discrimination based on race, ethnicity, or national origin.  In addition, Defendants' imposition of a new rule limiting the application of the TPS protection is both arbitrary and capricious and was undertaken without the observance of procedural requirements of the Administrative Procedure Act (the "APA").

Plaintiffs seek a declaratory judgment that Defendants' TPS terminations for El Salvador, Haiti, and Honduras were contrary to law and should be set aside.  In addition, Plaintiffs seek to enjoin Defendants from violating the Constitution, the APA, and the TPS statute with respect to subsequent evaluations of TPS designations of El Salvador, Haiti, and Honduras.  Plaintiffs further seek an award of attorneys' fees and costs, as well as any other additional relief that the Court may deem proper.

      **B.**    **Concise Summary of the Defendants' Position**

In 8 U.S.C. § 1254a, Congress authorized the Secretary of Homeland Security, in her judgment based on her factual findings and in consultation with other agencies, to designate, re-designate, extend, or terminate a country's designation for TPS.  Defendants disagree that the

TPS determinations challenged in this lawsuit were substantively or procedurally deficient or otherwise unlawful. Rather, former Acting Secretary of Homeland Security Elaine Duke terminated TPS for Haiti, and Secretary of Homeland Security Kirstjen Nielsen terminated TPS for El Salvador and Honduras, after finding that conditions in these countries no longer satisfied the statutory criteria for this temporary humanitarian relief. The Secretaries' decisions, set forth in *Federal Register* notices, are eminently reasonable in light of the facts on which those decisions were based, as reflected in the notices and in the administrative records (which Defendants are voluntarily producing to Plaintiffs in advance of the September 7, 2018, scheduling conference).

As Defendants argued at the pleading stage, Congress has foreclosed judicial review of TPS determinations altogether. 8 U.S.C. § 1254a(b)(5)(A). And the APA likewise has foreclosed judicial review where "statutes preclude judicial review." 5 U.S.C. § 701(a)(1). To the extent the Court continues to hold that review is available, such review should be highly deferential given both Congress's plain intent to vest TPS decisions in the judgment of the Secretary of Homeland Security and the Supreme Court's admonition in a series of cases, most recently *Trump v. Hawaii*, 138 S. Ct. 2392 (2018), that immigration actions by the Executive branch are typically reviewed at most for a rational basis. The decisions at issue easily pass muster in light of the *Federal Register* notices and the administrative records.

Defendants reject Plaintiffs' contention that Defendants have "adopted an artificially constrained view of the TPS statute" or have imposed a "new rule" that considers only the "original disaster or other condition that gave rise to the initial designation." While the Secretaries certainly considered the original designating conditions in making their TPS determinations—as the TPS statute requires—the *Federal Register* notices and the administrative

records reflect that the Secretaries were thoroughly informed about and took account of current country conditions, as Secretaries in each successive Administration have done since the TPS statute was enacted nearly thirty years ago.

Defendants respectfully disagree that Plaintiffs are entitled to the requested equitable relief or any relief whatsoever. Defendants urge the Court to dismiss this action either for lack of subject-matter jurisdiction or with prejudice on its merits.

## VI. Certifications

Counsel for each party will separately file their Local Rule 16.1(d)(3) certification.

## VII. Additional Items to Be Discussed at the September 7, 2018 Scheduling Conference

### A. Scope of Discovery

Defendants produced the administrative records concerning the terminations of TPS for El Salvador and Haiti on August 24, 2018, and Defendants have agreed to produce the administrative record concerning the termination of TPS for Honduras on August 31, 2018.

Defendants maintain that, to the extent the Court reviews the challenged TPS determinations at all, any such review should be confined to the administrative records, as required by the APA. *See Florida Power & Light Co. v. Lorion*, 470 U.S. 729 (1985) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." (alteration in original) (citation omitted)). The fact that Plaintiffs bring constitutional claims as well as APA arbitrary-and-capricious and notice-and-comment claims does not alter the scope of review. *See Chiayu Chang v. USCIS*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017) ("To . . . allow fresh discovery . . . would incentivize every unsuccessful party to agency action to allege . . . constitutional violations in order to trade in the APA's restrictive procedures for the more evenhanded ones of the Federal Rules of Civil Procedure." (citations and internal quotation marks omitted)). While in rare cases parties may

seek record supplementation where there is a strong showing of bad faith by the agency or an incomplete record, Defendants submit that Plaintiffs have made no such showing here.

Plaintiffs dispute Defendants' assertion. Plaintiffs are in the process of reviewing the Defendants' production, and Plaintiffs anticipate that they will seek discovery beyond the administrative record. Briefly, Plaintiffs' challenge extends beyond the specific TPS terminations to the Defendants' imposition of a new rule in violation of the Constitution, the APA, and the TPS statute itself, therefore requiring discovery of information beyond the administrative records.

This is a threshold issue with respect to the parties' discovery obligations, and the parties therefore seek guidance with respect to how this issue should be presented to the Court at the earliest opportunity.

- 9 -

Respectfully Submitted,

| | |
|---|---|
| CENTRO PRESENTE, a membership organization, *et al.*, | DONALD J. TRUMP, President of the United States, *et al.*, |
| By their attorneys, | By their attorneys, |

/s/ Kevin O'Keefe
Eric Marandett (BBO#: 561730)
emarandett@choate.com
Carlos Perez-Albuerne (BBO#: 640446)
cperez@choate.com
Kevin O'Keefe (BBO#: 697101)
kokeefe@choate.com
Xing-Yin Ni (BBO#: 693876)
xni@choate.com
Allison Ercolano (BBO#: 698601)
aercolano@choate.com
Natalia Smychkovich (BBO#: 699289)
nsmychkovich@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Tel.: (617) 248-5000
Fax: (617) 248-4000

Oren Sellstrom (BBO#: 569045)
osellstrom@lawyerscom.org
Oren Nimni (BBO#: 691821)
onimni@lawyerscom.org
Iván Espinoza-Madrigal (admitted *pro hac vice*)
iespinoza@lawyerscom.org
LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND ECONOMIC JUSTICE
61 Batterymarch Street, 5th Floor
Boston, Massachusetts  02110
Tel: (617) 988-0624
Fax: (617) 482-4392

Date: August 31, 2018

CHAD A. READLER
Acting Assistant Attorney General

ANDREW E. LELLING
United States Attorney

JOHN R. TYLER
Assistant Branch Director

/s/ Joseph C. Dugan
JOSEPH C. DUGAN (Ohio Bar # 0093997)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Tel.:  (202) 514-3259
Fax:  (202) 616-8470
E-mail:  Joseph.Dugan@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                      */s/ Natalia Smychkovich*