# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CENTRO PRESENTE, et al., | ) <br> ) |
| Plaintiffs, | ) <br> ) <br> ) No. 1:18-cv-10340-DJC |
| v. | ) <br> ) |
| TRUMP, et al., | ) <br> ) |
| Defendants. | ) <br> ) |

## PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANTS' MOTION FOR STAY OF ALL PROCEEDINGS IN LIGHT OF LAPSE IN APPROPRIATIONS [ECF NO. 63]

Plaintiffs Centro Presente, *et al.* ("Plaintiffs") respectfully submit this brief response to the Defendants' Motion for Stay of All Proceedings in Light of Lapse in Appropriations, ECF No. 63 ("Stay Motion").

As reflected in the Stay Motion, Plaintiffs take no position with respect to Defendants' request for a limited stay, with commensurate extensions of the current deadlines in the Court's Scheduling Orders, ECF Nos. 54, 56.  Plaintiffs, however, wish to make clear that they are prepared to continue with discovery in accordance with the existing deadlines set by this Court, particularly with respect to noticing depositions of government employees and raising certain threshold discovery disputes with the Court.  Plaintiffs understand that Defendants' lead counsel has been furloughed since the lapse of the Department of Justice's appropriations on December 21, 2018 and therefore recognize that, as a practical matter, Plaintiffs have limited recourse to proceed with party discovery during the ongoing lapse in appropriations without resorting to motion practice to compel responses and testimony.

Plaintiffs also recognize that the preliminary injunction entered in *Ramos v. Nielsen*, 336 F. Supp. 3d 1075 (N.D. Cal. 2018) and pending before the United States Court of Appeals for the Ninth Circuit has afforded some leeway with respect to the termination date of Temporary Protected Status ("TPS") for individuals from El Salvador and Haiti, and that the TPS termination date for Honduras is relatively remote. *See* Stay Motion at 2 n.1. However, Plaintiffs do not agree that there will be no prejudice resulting from continued delay of this Action. The *Ramos* defendants, who largely overlap with the Defendants here, are seeking to vacate the preliminary injunction and challenging the application of the injunction on a nationwide basis. Consistent with the Court's prior admonitions, the parties have a limited timeframe within which to complete discovery and move toward resolution of Plaintiffs' claims. To the extent that the lapse in appropriations or other delays attributable to Defendants prejudice Plaintiffs' preparation of their case, Plaintiffs reserve the right to seek appropriate relief from the Court.

Respectfully submitted,

CENTRO PRESENTE, *et al.*

| | |
|---|---|
| Oren Sellstrom  (BBO# 569045)<br>Oren Nimni (BBO #691821)<br>Iván Espinoza-Madrigal (Admitted *Pro Hac Vice*)<br>LAWYERS FOR CIVIL RIGHTS<br>61 Batterymarch Street, 5th Floor<br>Boston, Massachusetts  02110<br>(617) 988-0624<br><br>Dated: January 10, 2019 | /s/ Kevin P. O'Keefe<br>Eric J. Marandett (BBO# 561730)<br>Carlos J. Perez-Albuerne (BBO# 640446)<br>Kevin P. O'Keefe (BBO# 697101)<br>Xing-Yin Ni (BBO# 693876)<br>Margaret J. Burnside (BBO# 698763)<br>Allison S. Ercolano (BBO# 698601)<br>Natalia Smychkovich (BBO# 699289)<br>CHOATE, HALL & STEWART LLP<br>Two International Place<br>Boston, Massachusetts  02110<br>(617) 248-5000 |

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via mail to those indicated as non-registered participants on January 10, 2019.

                                        */s/ Kevin P. O'Keefe*
                                          Kevin P. O'Keefe