**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CENTRO PRESENTE, a membership organization, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DONALD J. TRUMP, President of the United States, in his official capacity, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

Case No. 1:18-cv-10340 (DJC)

## JOINT MOTION TO MODIFY DEPOSITION DISCOVERY

The parties hereby stipulate to, and respectfully request, on the terms set forth in this joint motion, a stay of the deadline by which Plaintiffs must take depositions pending either (a) the disposition of the Government's appeal of the preliminary injunction in *Ramos v. Nielsen*, No. 18-16981 ("*Ramos* appeal"), by the assigned three-judge panel of the U.S. Court of Appeals for the Ninth Circuit, or (b) other order of this Court.

The basis for this joint motion is as follows:

1. Pursuant to the parties' joint motion following the Defendants' stay request pending the lapse in appropriations, the Court ordered that the last day to serve written discovery requests is April 19, 2019, and the deadline to complete fact discovery is May 17, 2019. Currently pending before the Court is Plaintiffs' Motion to Compel Responses to White House Discovery, ECF No. 74, which seeks to compel production of documents and Rule 30(b)(6) testimony. Defendants submitted their opposition on March 22, 2019, and Plaintiffs submitted their proposed reply on April 1, 2019. In order to streamline the activities in this Action, the parties jointly request that the deadline for depositions be extended. This will allow time for the parties to complete written discovery and complete briefing of discovery disputes.

2. On November 20, 2017, the Acting Secretary of Homeland Security terminated temporary protected status ("TPS") for Haiti effective July 22, 2019. *See* 83 Fed. Reg. 2648-01, 2648 (Jan. 18, 2018). In a January 18, 2018 notice, the Secretary of Homeland Security terminated El Salvador's TPS designation effective September 9, 2019. *See* 83 Fed. Reg. 2654-01 (Jan. 18, 2018). On May 4, 2018, the Secretary also announced the termination of TPS for Honduras effective January 5, 2020. *See* 83 Fed. Reg. 26074 (June 5, 2018). Plaintiffs have brought claims under the Administrative Procedure Act and the Fifth and Fourteenth Amendments relating to those terminations. Defendants believe the Court lacks jurisdiction over this matter and, otherwise, believe the terminations were conducted in accordance with all applicable laws.

3. Plaintiffs' claims are similar to the claims raised in *Ramos v. Nielsen*, 3:18-cv-1554-EMC (N.D. Cal.), *appeal filed*, No. 18-16981 (9th Cir.), relating to termination of TPS for El Salvador, Haiti, Nicaragua, and Sudan. Defendants believe the Court in *Ramos* lacks subject matter jurisdiction and that the terminations at issue in that case were conducted in accordance with all applicable laws.

4. On October 3, 2018, in *Ramos*, the Northern District of California issued an order preliminarily enjoining and restraining the Government "from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, implementation and/or enforcement of the decisions to terminate TPS for Sudan, Haiti, El Salvador, and Nicaragua pending resolution of this case on the merits." *See Ramos v. Nielsen*, 336 F. Supp. 3d 1075, 1108 (N.D. Cal. 2018).

5. On October 11, 2018, the Government appealed the preliminary injunction in *Ramos* to the U.S. Court of Appeals for the Ninth Circuit. *Ramos*, Notice of Appeal [ECF No. 129]. Briefing is now complete, and the parties expect the case to be scheduled for argument in the coming months.

6. On October 26, 2018, the Government stipulated that TPS for El Salvador, Haiti, Nicaragua, and Sudan would remain in effect during the pendency of the *Ramos* appeal. *See*

*Ramos*, Stipulation to Stay Proceedings [ECF No. 138] ¶ 6(c).  The Government also stated that, in the event the preliminary injunction were reversed on appeal, any termination of TPS for Sudan, Haiti, El Salvador, and Nicaragua would go into effect no sooner than 120 days from the issuance of any appellate mandate to the district court.  *See Ramos*, Declaration of Donald Neufeld [ECF No. 135-1] ¶ 10; *Ramos*, Stipulation to Stay Proceedings [ECF No. 138] ¶ 6; *see also* Continuation of Documentation for Beneficiaries of Temporary Protected Status Designations for Sudan, Nicaragua, Haiti, and El Salvador, 84 Fed. Reg. 7103 (March 1, 2019).

      7.      On March 12, 2019, the Government also stipulated that TPS for Honduras and Nepal would remain in effect during the pendency of the *Ramos* appeal.  *See Bhattarai v. Nielsen*, Case No. 3:19-cv-731-EMC (N.D. Cal.) [ECF No. 23] ¶ 6.  The Government stipulated that, in the event the preliminary injunction were reversed on appeal, any termination of TPS for Honduras and Nepal would go into effect no sooner than 120 days from the issuance of any appellate mandate to the district court or, to the extent the Government moved the district court to vacate the stay, 180 days from *vacatur* of the stay by the district court.  *Id.* ¶ 7.[1]  The Government further stipulated that it would take steps with respect to TPS holders from Honduras and Nepal equivalent to those it agreed to take with respect to the TPS holders at issue in *Ramos*.  *Id.* ¶ 7.

      8.      In light of the above, and to conserve the parties' resources and help streamline this action for the Court and the parties, the parties stipulate and jointly move the Court to stay the deadline by which Plaintiffs must take depositions pending either (a) the disposition of the Government's appeal of the preliminary injunction in *Ramos v. Nielsen*, No. 18-16981, by the assigned three-judge panel of the U.S. Court of Appeals for the Ninth Circuit, or (b) other order of this Court.  Therefore, both sides agree to not conduct depositions during the pendency of that stay except by agreement between the parties.  To the extent the three-judge panel in the Ninth

---

[1] In *Bhattarai*, the Government reserved the right to move the District Court for the Northern District of California to lift the stay if the appellate decision in *Ramos* suggests a basis on which to distinguish the Honduras and Nepal TPS terminations from those at issue in *Ramos*. *Bhattarai*, Stipulation to Stay Proceedings [ECF No. 22] ¶ 6.

Circuit vacates the preliminary injunction in *Ramos*, the parties further agree to produce for live testimony within forty-five days of the expiration of that stay any party deponents under a party's control who either: 1) are agreed upon by the parties (including with respect to requested conditions, e.g., subject matter, duration); or 2) are compelled to testify, subject to the exhaustion of all appellate options.  To the extent the three-judge panel in the Ninth Circuit affirms the preliminary injunction in *Ramos*, the parties will address next steps in a status report to be filed with this Court within 14 days of such a decision.

9.  The parties do not ask this Court to stay the remaining discovery deadlines, including but not limited to the April 19, 2019 deadline for the parties to serve any written discovery.  Plaintiffs maintain that continuing with written discovery (including document production and the drafting of privilege logs) and litigating their discovery-related disputes during the pendency of this limited stay should help facilitate timely completion of discovery and ultimate resolution of this action, following the disposition of the Government's appeal in *Ramos*.  Plaintiffs, however, reserve their rights in accordance with the Federal Rules of Civil Procedure to move for additional discovery after the April 19, 2019, deadline, and Defendants reserve their rights to oppose such a motion.  The parties agree to meet and confer with respect to any discovery a party seeks to serve after April 19, 2019 to determine whether or not such issues should be raised with the Court.

10.  Defendants reserve the right to request a stay of any discovery order issued during the pendency of this requested stay to pursue any appellate options that they may have of any such discovery order.  Both sides reserve the right to pursue any arguments in support of their substantive and discovery-related positions during the pendency of this requested stay, including but not limited to the right of either party to move for or oppose additional adjustments to the Scheduling Order following the disposition of the Government's appeal of the preliminary injunction in *Ramos v. Nielsen*, No. 18-16981, by the assigned three-judge panel of the Ninth Circuit.

11.     This Court has the authority to stay deposition discovery pending the appeal in *Ramos*: "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

12.     Accordingly, Plaintiffs and Defendants, through counsel, stipulate and respectfully move the Court to order as follows:

(a)     A stay of the deadline by which Plaintiffs must take depositions pending either (a) the disposition of the Government's appeal of the preliminary injunction in *Ramos v. Nielsen*, No. 18-16981, by the assigned three-judge panel of the U.S. Court of Appeals for the Ninth Circuit, or (b) other order of this Court.

(b)     All other discovery-related deadlines shall be retained, and the parties shall continue with written discovery and filing any motion to compel briefing.

(c)     Should either side for any reason fail to comply with the terms of this joint motion, each side reserves the right to move this Court for relief.  The parties, however, shall work in good faith to resolve the matter before they may petition the Court for further guidance.

13.     If this motion for stay is granted, undersigned counsel will file a status report with this Court within 14 days of the disposition of the Government's appeal of the preliminary injunction in *Ramos v. Nielsen*, No. 18-16981, by the assigned three-judge panel of the Ninth Circuit.

| | |
|---|---|
| Respectfully submitted, | DONALD J. TRUMP, President of the United States, in his official capacity, *et al.*, |
| CENTRO PRESENTE, *et al.*, | |
| By their attorneys, | By their attorneys, |
| */s/ Kevin P. O'Keefe* | JOSEPH H. HUNT |
| Oren Nimni (BBO #691821) | Assistant Attorney General |
| Oren Sellstrom  (BBO# 569045) | |
| Iván Espinoza-Madrigal (Admitted *Pro Hac Vice*) | JOHN R. TYLER |

<div style="display: flex;">

LAWYERS' FOR CIVIL RIGHTS
61 Batterymarch Street, 5th Floor
Boston, Massachusetts  02110
(617) 988-0624

Eric J. Marandett (BBO# 561730)
Carlos J. Perez-Albuerne (BBO# 640446)
Kevin P. O'Keefe (BBO# 697101)
Xing-Yin Ni (BBO# 693876)
Leah R. Milbauer (BBO# 703717)
Allison S. Ercolano (BBO# 698601)
Natalia Smychkovich (BBO# 699289)
Margaret J. Burnside (BBO# 698763)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tel.: (617) 248-5000
Fax: (617) 248-4000

Dated:  April 3, 2019

Assistant Branch Director

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER
IL Bar No. 6286601
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 11020
Washington, DC 20530
Tel.: (202) 353-9265
Fax: (202) 616-8460
E-mail:   adam.kirschner@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
1100 L Street NW, Room 11020
Washington, D.C. 20005

</div>

6

## CERTIFICATE UNDER LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel hereby certify that counsel for Plaintiffs and Defendants have conferred concerning the subject matter of this motion in an effort to resolve or narrow the issues raised herein, and that counsel for the respective parties assent to the relief requested.

Dated: April 3, 2019

*/s/ Kevin P. O'Keefe*
KEVIN P. O'KEEFE


*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the Court's CM/ECF system will be served electronically to the registered participates as identified on the Notice of Electronic Filing (NEF) and a PDF copy will be sent via e-mail to those indicated as non-registered participants on April 3, 2019.

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER