**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| CENTRO PRESENTE, a membership organization, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:18-cv-10340 |
| DONALD J. TRUMP, President of the United States, in his official capacity, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

_____

<u>**AMENDED STIPULATION AND [PROPOSED] ORDER GOVERNING
CONFIDENTIAL INFORMATION**</u>

**WHEREAS**, on February 22, 2018, Plaintiffs filed the above-captioned action (the "Instant Action");

**WHEREAS**, in the Instant Action, Plaintiffs challenge the termination of Temporary Protected Status for Haiti, El Salvador, and Honduras;

**WHEREAS**, on July 23, 2018, the Court granted in part and denied in part Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), *see* ECF No. 47;

**WHEREAS**, on September 7, 2018, the Court determined that Plaintiffs would be permitted to undertake some discovery to supplement the administrative records that Defendants previously produced to Plaintiffs;

**WHEREAS**, on October 18, 2018, this Court entered the parties' stipulation and proposed order governing confidential information (ECF No. 61); and

**WHEREAS**, the parties seek to amend and supersede the previous order governing confidential information based on their assessment of the discovery conducted thus far in this litigation,

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for Plaintiffs and Defendants, as follows:

I.      **Personnel Contact Information**

1.   As used herein, the term "Personnel Contact Information" shall apply to all official/organizational and personal e-mail addresses, phone numbers, and addresses of government personnel appearing on documents produced.[1]

2.   Plaintiffs will protect all such Personnel Contact Information as follows:

   a) Except as provided in Paragraph 2(b), Plaintiffs will not disseminate or publish such Personnel Contact Information in unredacted form, whether on the Court's docket or through out-of-court distributions.

   b) Plaintiffs may disseminate such Personnel Contact Information in unredacted form to and between their attorneys and agents in the Instant Action, including any expert or consultant who is expressly retained to assist in connection with the Instant Action ("Plaintiffs' Agents"). The undersigned Counsel shall require Plaintiffs' Agents receiving such documents to manifest their assent to be bound by the provisions of this Order by signing a copy of the annexed

---

[1] The parties agree that Defendants need not produce to Plaintiffs the alien files ("A-files") of any party to any other lawsuit and accordingly this Stipulation and Order does not address those confidential A-files.

"Confidentiality Agreement" prior to being afforded access to any
such materials.

c) Plaintiffs may otherwise use the documents produced to them,
whether in court filings or for other appropriate purposes, that are
not otherwise covered by this Stipulation.

3. Defendants maintain their right to redact Personnel Contact Information to the
extent that such information appears on any documents produced to Plaintiffs.  If
any redacted Personnel Contact Information is necessary for Plaintiffs' case, the
Parties will meet and confer in good faith to resolve any conflicts.  Plaintiffs agree
to alert defense counsel should Plaintiffs come across what appears to be purely
personal contact Information in unredacted form, though Plaintiffs are under no
obligation to affirmatively search for any such information.[2]

## II.   Non-Responsive and Sensitive Information

4. Defendants may designate certain documents as containing "Non-Responsive
Information" or "Sensitive Information."  Non-Responsive Information is defined
as information that is not itself responsive to Plaintiffs' discovery requests but that
appears on documents that are otherwise responsive to Plaintiffs' discovery
requests.  Sensitive Information is defined as non-privileged information the
dissemination of which could constitute an undue intrusion into personal privacy
or impose undue annoyance, embarrassment, or oppression within the meaning of
Federal Rule of Civil Procedure 26(c)(1).

---

[2] To expedite production of documents in other TPS litigation, Defendants have produced certain
documents without first redacting Personnel Contact Information.  Pursuant to Paragraph 2(b) of this
Stipulation, Plaintiffs are to redact any such Personnel Contact Information prior to disseminating any
documents that contain unredacted Personnel Contact Information.

5. The Non-Responsive Information and the Sensitive Information, and documents containing Non-Responsive Information or Sensitive Information, will not be disseminated in unredacted form outside of Plaintiffs and Plaintiffs' Agents. The undersigned Counsel shall require Plaintiffs' Agents receiving such documents to manifest their assent to be bound by the provisions of this Order by signing a copy of the annexed "Confidentiality Agreement" prior to being afforded access to any such materials.

6. Notwithstanding paragraph 5, should Plaintiffs wish to use a document containing Non-Responsive Information or Sensitive Information as an unredacted exhibit to any filing in the Instant Action, Plaintiffs will first meet and confer with Defendants regarding whether or not the document may be filed publicly, with or without redacting the Non-Responsive Information or Sensitive Information. Otherwise, Plaintiffs shall move to impound the document so that Defendants will have an opportunity to respond with their arguments in support of impoundment.

### III.   Fed. R. Evid. 502(d) Provision

7. For purposes of this provision, "document" includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B). "Documents produced" includes all documents made available for review or produced in any manner during this litigation.

8. This provision governs those procedures that shall be used in the event of an inadvertent production of a document during this litigation. Inadvertent production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter,

in this or any other proceeding.  This agreement applies to attorney-client privilege and work-product protections, as well as all other protections afforded by Federal Rule of Civil Procedure 26(b) and any other applicable privilege.  Nothing in this agreement shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges.  Additionally, nothing in this agreement shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.  Nothing in this agreement shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

9. If a party discovers a document (or any part thereof) produced by another party that it knows to be privileged or otherwise protected and that has not been designated as privileged or protected by this Stipulation, the receiving party shall promptly notify the producing party and must then return the document or destroy it and certify to the producing party that it has been destroyed.  Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

10. If the producing party determines that a document produced (or any part thereof) is subject to a privilege or privileges, the producing party shall promptly give the receiving party notice of the claim of privilege ("privilege notice").

11. The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

12. Upon receiving the privilege notice, if the receiving party agrees with the privilege assertion made, the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and copies and certify to the producing party that the document(s) and copies have been destroyed.  The receiving party must sequester and destroy any notes taken about the document.  If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

13. Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party.  The document(s) shall be sequestered and not be used by the receiving party in the litigation (e.g., filed as an exhibit to a pleading or used in deposition) while the dispute is pending.  If the parties are unable to reach an agreement about the privilege assertions made in the privilege notice, the receiving party may make a sealed motion for a judicial determination of the privilege claim.

14. Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion.  The receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged.  Any further briefing by any party shall also not publicly disclose the information claimed to be privileged

if the privilege claim remains unresolved or is resolved in the producing party's favor.

**IV.** **Miscellaneous Provisions**

15. Nothing in this Stipulation and Order shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

16. Defendants have redacted website links internal to the Government. To the extent any such link has not been redacted, Plaintiffs agree to treat it as Personnel Contact Information subject to Paragraphs 1 through 5 above.

17. Any party may apply to the Court at any time, upon proper notice, for a modification of this Stipulation and Order with respect to the handling or designation of any document or for any other purpose.

18. This Stipulation and Order shall be binding upon any present and future party to the Instant Action.

19. This Stipulation and Order shall be effective and enforceable upon signature by counsel and endorsement by the Court.

**SO ORDERED.**

Dated: _____, 2019

_____
HON. DENISE J. CASPER
United States District Judge
District of Massachusetts

Dated: June 26, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER
IL Bar No. 6286601
Senior Trial Counsel
United States Department of Justice
    Civil Division, Federal Programs Branch
1100 L Street NW, Room 11020
Washington, DC 20530
    Tel.:    (202) 353-9265
    Fax:     (202) 616-8460
E-mail:   adam.kirschner@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
1100 L Street NW, Room 11020
Washington, D.C. 20005

*Counsel for Defendants*

*/s/ Kevin O'Keefe*
Eric J. Marandett (BBO# 561730)
Carlos J. Perez-Albuerne (BBO# 640446)
Kevin P. O'Keefe (BBO# 697101)
Xing-Yin Ni (BBO# 693876)
Leah R. Milbauer (BBO# 703717)
Margaret J. Burnside (BBO# 698763)
Allison S. Ercolano (BBO# 698601)
Natalia Smychkovich (BBO# 699289)
Anna S. Roy (BBO# 703884)
Choate, Hall & Stewart LLP
Two International Place
Boston, Massachusetts  02110
(617) 248-5000

Oren Sellstrom  (BBO# 569045)
Oren Nimni (BBO #691821)
Iván Espinoza-Madrigal (Admitted *Pro Hac Vice*)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, Massachusetts  02110
(617) 988-0624

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the Court's CM/ECF system will be served electronically on the registered participants as identified on the NEF.

*/s/ Adam Kirschner*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

CENTRO PRESENTE, a membership  )
organization, *et al.*,       )
             )
  Plaintiffs,       )
             )
  v.           )  Case No. 1:18-cv-10340
             )
DONALD J. TRUMP, President of the United )
States, in his official capacity, *et al.*,  )
             )
  Defendants.      )
_____

## CONFIDENTIALITY AGREEMENT

1. I, _____, declare that:

2. I have received a copy of the Protective Order (the "Order") entered by the Court in *Casa de Maryland, et al v. Trump, et al.*  I have read the Order and understand its provisions.

3. I will comply with all of the provisions of the Order.

4. I consent to the jurisdiction of the United States District Court for the District of Maryland to resolve any issues with respect to my compliance with the Order.


Dated:_____   Signature:_____