UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CENTRO PRESENTE, a membership organization, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, President of the United States, in his official capacity, *et al.*, <br><br> Defendants. | No. 1:18-cv-10340-DJC |

## JOINT STATUS REPORT

Pursuant to the Court's order stated during the June 5, 2019 Status Conference, *see* ECF No. 93, Plaintiffs Centro Presente, *et al.* ("Plaintiffs") and Defendants Donald J. Trump, *et al.* ("Defendants") respectfully submit this Joint Status Report.

**1.** ***Ramos v. Nielsen*, No. 3:18-cv-1554-EMC (N.D. Cal.), *appeal filed*, No. 18-16981 (9th Cir.)**

As the parties discussed previously in their Joint Motion to Modify Deposition Discovery, ECF No. 80 (the "Joint Motion"), the United States District Court for the Northern District of California issued an order on October 3, 2018, that preliminarily enjoined the Government "from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, implementation and/or enforcement of the decisions to terminate TPS for Sudan, Haiti, El Salvador, and Nicaragua pending resolution of this case on the merits." *Ramos v. Nielsen*, 446 F. Supp. 3d 1075, 1108 (N.D. Cal. 2018). The Government appealed the preliminary injunction to the United States Court of Appeals for the Ninth Circuit.

By stipulations entered in the *Ramos* action and a related action, *Bhattarai v. Nielsen*, No. 3:19-cv-731-EMC (N.D. Cal.), the Government agreed that TPS for El Salvador, Haiti, Nicaragua, Sudan, Honduras, and Nepal will remain in effect during the pendency of the *Ramos* appeal proceedings. As described in more detail in the Joint Motion, the Government's stipulations in the *Ramos* and *Bhattarai* actions state that, in the event that the *Ramos* injunction is reversed on appeal, TPS will remain in effect for these countries for 120 days following the issuance of an appellate mandate. Were it not for the court orders and stipulations, TPS for the three countries at issue in this Action would have terminated on the following dates:

| | |
|---|---|
| Haiti | July 22, 2019 |
| El Salvador | September 9, 2019 |
| Honduras | January 5, 2020 |

A three-judge panel of the Ninth Circuit heard oral arguments in the *Ramos* appeal on August 14, 2019. Following the argument, the Court issued an order directing the parties to submit supplemental briefs concerning the District Court's determination of proceeding beyond the administrative record and the scope of the administrative record. Order, *Ramos v. Nielsen*, No. 18-16981 (9th Cir. Aug. 21, 2019), ECF No. 71. The order directs the parties to complete this supplemental briefing by October 4, 2019.

Pursuant to this Court's Order granting the Joint Motion, ECF No. 81, the deadline for Plaintiffs to take depositions is stayed pending the disposition of the *Ramos* appeal by a three-judge panel of the Ninth Circuit. The parties will also submit a status report within fourteen days of a decision by the three-judge panel of the Ninth Circuit.

## 2. Proceedings in this Action Following Disposition of the *Ramos* Appeal

Upon entry of a decision by a three-judge panel of the Ninth Circuit, either affirming or reversing the District Court's injunction, Plaintiffs intend to proceed with all discovery in this

action, including deposition testimony. Defendants contend that the nature of any future proceedings depend on whether the appeal is affirmed or reversed.

If the *Ramos* injunction is affirmed, Defendants will seek to extend the current stay of deposition testimony. As noted *supra*, Plaintiffs will seek to proceed with discovery. Regardless, the parties agree that, if a three-judge panel affirms the preliminary injunction, they should meet-and-confer following that affirmance to discuss next steps and then file a status report within fourteen days of the decision.

If the *Ramos* preliminary injunction is vacated, either in whole or in part, the parties agree that this action should proceed to a disposition on the merits in consideration of the TPS termination dates.[1] Subject to the conclusion of the discovery matters discussed *infra*, the parties propose submitting a status report identifying their respective positions on resolving the merits of this litigation following the conclusion of all outstanding discovery matters.

### 3. *Saget v. Trump*, No. 1:18-cv-1599-WFK-ST (E.D.N.Y.), *appeal filed*, No. 19-1685 (2d Cir.)

As the parties have previously discussed, on April 11, 2019, the United States District Court for the Eastern District of New York issued a decision that preliminarily enjoined and restrained the Government from terminating TPS for Haiti. *Saget v. Trump*, 375 F. Supp. 3d 280 (E.D.N.Y. 2019). On June 6, 2019, the Government appealed the injunction to the United States Court of Appeals for the Second Circuit. The Government's opening brief was due on September 19, 2019, and briefing is currently scheduled to be completed in January 2020.

---

[1] Defendants reserve the right to revisit whether a stay is appropriate in the future to the extent there is consideration of *en banc* review by the Ninth Circuit or a party petitions the Supreme Court for certiorari.

### 4. Written Discovery in this Action

On September 18, 2018, Plaintiffs served: (i) Plaintiffs' First Set of Requests for Production of Documents to all Defendants; (ii) Plaintiffs' First Set of Interrogatories to Defendant U.S. Department of Homeland Security ("DHS"); (iii) Plaintiffs Notice of Rule 30(b)(6) Deposition to DHS; (iv) Plaintiffs' Notice of Rule 30(b)(6) Deposition to the Office of White House Policy; and (v) Plaintiffs' Notice of Rule 30(b)(6) Deposition to the United States Department of State (collectively, "Plaintiffs Initial Discovery Requests"). Defendants served their objections and responses to Plaintiff's Initial Discovery Requests on October 18, 2018, and thereafter began the production of responsive documents.

On April 19, 2019, Plaintiffs served: (i) Plaintiffs' Second Set of Requests for Production of Documents to all Defendants; and (ii) Plaintiffs' First Set of Requests for Admissions to all Defendants (collectively, "Plaintiffs' Supplemental Discovery Requests," and, together with Plaintiffs' Initial Discovery Requests, "Plaintiffs' Discovery Requests"). Defendants served their objections and responses to Plaintiffs' Supplemental Discovery Requests on June 4, 2019.

Plaintiffs also issued subpoenas for the production of documents to non-parties General John F. Kelly (former White House Chief of Staff to Defendant Trump and former Secretary of DHS) and to Elaine C. Duke (former Acting Secretary and Deputy Secretary of DHS) on April 16, 2019. General Kelly and Ms. Duke responded to the subpoenas through counsel for the Defendants on May 16, 2019.

On May 24, 2019, Defendants largely completed their production of documents from DHS in response to Plaintiffs' Discovery Requests, including disclosure of associated privilege logs. At the time, Defendants believed these responses to be their final responses to all of Plaintiffs' previous discovery requests, other than those they were to serve on June 4, 2019 to Plaintiffs' Supplemental Discovery Requests. Since then, Defendants identified nearly 850 of

their previously processed documents that, along with any corresponding privilege log entries, required supplementation. Most of this supplementation stemmed from a technical error; specifically, Defendants discovered that they had produced versions of documents that contain tracked changes and comment bubbles without such track changes and comment bubbles being visible in the produced image.[2] Defendants re-produced those documents with the tracked changes and comment bubbles visible, subject to withholdings for privilege, and supplemented the privilege log as appropriate. Defendants completed this supplementation on September 11, 2019.[3]

Defendants served supplemental answers to Plaintiffs' First Set of Interrogatories on September 18, 2019, along with an additional production of documents previously listed on their privilege log. Defendants also notified Plaintiffs on September 18, 2019 that an additional revised privilege log would be forthcoming reflecting the withdrawal of Defendants' claims of privilege over approximately 500 documents, along with a revised description for a small set of entries.

### 5. Unresolved Discovery Issues

Plaintiffs reserve the right to advance all of their discovery requests. The principal issues, as they currently appear, are outlined in the paragraphs numbered i through iii, below. As set forth below, Defendants disagree with Plaintiffs' proposed resolution of these issues.

---

[2] Defendants identified another minor error in June that they remedied at that time.

[3] Defendants have also identified a handful of classified documents for which they have not yet supplemented the privilege log. They are assessing what information can be disclosed about those documents that would protect the classified nature of those documents but provide further information to Plaintiffs.

Moreover, Defendants contend that discovery should be limited to the issues discussed in this section.[4]

        (i)   Discovery from White House Custodians

Plaintiffs' Position

  As reported during the June 5, 2019 Status Conference, Plaintiffs have identified various deficiencies in Defendants' responses and objections to Plaintiffs' Discovery Requests. Defendants' document productions subsequent to the Status Conference have not allayed Plaintiffs' concerns. Plaintiffs continue to diligently review Defendants' production of files from DHS. At this point, Plaintiffs maintain that the documents and information sought in their Motion to Compel Responses to White House Discovery Requests, ECF Nos. 74-76, remain necessary. Therefore, Plaintiffs anticipate supplementing the record and revisiting their pending Motion to Compel Responses to White House Discovery Requests after pursuing the depositions of DHS personnel in accordance with the Court's order, ECF No. 89.

Defendants' Position

  Defendants continue to believe Plaintiffs' discovery requests on the White House are inappropriate and will address any further arguments in the supplemental briefing, to the extent it is necessary, pursuant to the Court's order ECF No. 89.

        (ii)   Privilege Assertions

  By letter dated May 10, 2019, Plaintiffs had identified several categorical deficiencies with respect to Defendants' tentative privilege assertions, as reflected in privilege logs disclosed in other TPS actions.

---

[4] Defendants continue to preserve their argument that review should be limited to the administrative record that they presented earlier in this case.

Defendants submitted their first privilege log on May 24, 2019, which contained nearly 8,500 entries. Defendants have since added approximately 260 entities as a result of supplemental productions described above and other revisions; Defendants submitted the most recent updated version to Plaintiffs on September 12, 2019.

Plaintiffs' Position

Plaintiffs have completed their review of Defendants' privilege logs received to date, however it appears that the issues identified in the May 10 letter remain unresolved. Plaintiffs will meet and confer with Defendants as to these privilege issues, which involve Defendants' assertions of the deliberative process privilege, and also executive privilege and law enforcement privilege among others. To the extent that the parties are unable to resolve these disputes, Plaintiffs may need to seek relief from the Court.

Defendants' Position

Plaintiffs have not yet identified for Defendants any specific line items on Defendants' May 24 privilege log that Plaintiffs believe are insufficient. Once Defendants receive that information from Plaintiffs, Defendants do not object to meeting and conferring with Plaintiffs or, if necessary, litigating those challenges before the Court, as long as Defendants are not prejudiced in their time to respond to or to obtain judicial review (including, if necessary, appellate review). In that regard, Defendants note that they served their initial privilege logs, which included approximately 8,500 privilege assertions, in May.

(iii) Depositions.

As discussed *supra*, on April 4, 2019 the Court granted the parties' Joint Motion staying deposition discovery in this Action pending the disposition of the Government's appeal of the *Ramos* preliminary injunction. Order, ECF No. 81. Prior to the Order, Plaintiffs had sent a list

of potential deponents to Defendants to coordinate scheduling and issuance of deposition notices, and Defendants had agreed provisionally to three depositions of personnel within DHS.

As reflected in paragraph 8 of the Joint Motion, the parties have agreed that, if the three-judge panel in the Ninth Circuit vacates the *Ramos* preliminary injunction, the parties would produce for live testimony within forty-five days any party deponents who either: (i) are agreed upon by the parties; or (ii) are compelled to testify.

Plaintiffs' Position

As to the latter point, Plaintiffs may seek to depose not only personnel within the White House, *see* discussion *supra*, but also high-ranking officers within DHS, including, among others, former Deputy Secretary and Acting Secretary of DHS Elaine Duke, former Secretary of DHS (and White House Chief of Staff) General John Kelly, and former Secretary of DHS Kirstjen Nielsen. Defendants have indicated that they will seek to prevent the depositions of these individuals. In addition, these individuals and other proposed deponents may seek to quash deposition subpoenas in separate proceedings to the extent that the individuals are no longer employed by or under the control of the Government.

Defendants' Position

Defendants believe that the agreed-upon depositions, in addition to the ten depositions of current and former Government employees taken in other TPS cases (which are available to Plaintiffs), are more than sufficient. Nevertheless, Defendants will review any final list of deponents Plaintiffs submit to them for final review. To the extent Plaintiffs bring any motion to compel, Defendants maintain that any briefing schedule addressing disputed depositions must permit time for full appellate review given the sensitive issues implicated by the depositions that Plaintiffs may seek.

**6.    Other.**

The parties do not request a live conference before the Court at this time, but the parties would be glad to appear if the Court so wishes.

Respectfully submitted,

| | |
|---|---|
| CENTRO PRESENTE, *et al.* | DONALD J. TRUMP, President of the United States, in his official capacity, *et al.* |
| By their attorneys, | By their attorneys, |
| */s/   Kevin O'Keefe* | JOSEPH H. HUNT |
| Eric J. Marandett (BBO# 561730) | Assistant Attorney General |
| Carlos J. Perez-Albuerne (BBO# 640446) | |
| Kevin P. O'Keefe (BBO# 697101) | BRAD P. ROSENBERG |
| Xing-Yin Ni (BBO# 693876) | Assistant Branch Director |
| Leah R. Milbauer (BBO# 703717) | |
| Allison S. Ercolano (BBO# 698601) | */s/   Adam Kirschner* |
| Natalia Smychkovich (BBO# 699289) | ADAM D. KIRSCHNER |
| Anna S. Roy (BBO# 703884) | IL Bar. No. 6286601 |
| CHOATE, HALL & STEWART LLP | Senior Trial Counsel |
| Two International Place | United States Department of Justice |
| Boston, Massachusetts 02110 | Civil Division, Federal Programs Branch |
| (617) 248-5000 | 1100 L Street NW, Room 11020 |
| | Washington, DC 20530 |
| Oren Sellstrom (BBO# 569045) | Tel: (202) 353-9265 |
| Oren Nimni (BBO #691821) | Fax: (202) 616-8460 |
| Iván Espinoza-Madrigal (Admitted *Pro Hac Vice*) | Email: adam.kirschner@usdoj.gov |
| LAWYERS FOR CIVIL RIGHTS | |
| 61 Batterymarch Street, 5th Floor | Mailing Address: |
| Boston, Massachusetts 02110 | Post Office Box 883 |
| (617) 988-0624 | Washington, D.C. 20044 |
| | |
| Dated: September 20, 2019 | Courier Address |
| | 1100 L Street NW, Room 11020 |
| | Washington, D.C. 20005 |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                */s/   Adam Kirschner*

Dated: ___9/20/19_____