# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CENTRO PRESENTE, a membership organization, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 1:18-cv-10340 (DJC) |
| DONALD J. TRUMP, President of the United States, in his official capacity, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## JOINT STATUS REPORT

As proposed in their September 29, 2020 Joint Status Report (ECF No. 133) and ordered by the Court (ECF No. 134), Plaintiffs Centro Presente, *et al.* ("Plaintiffs") and Defendants Donald J. Trump, *et al.* ("Defendants") respectfully submit this status report regarding future proceedings in this action.

**I.     Continuation of TPS Protection and Documentation for Beneficiaries of TPS Designations for Haiti, Honduras, and El Salvador.**

As with prior reports, the parties begin with an update on the status for beneficiaries of Temporary Protected Status ("TPS") designations for Haiti, Honduras and El Salvador.

### A.     Current Deadlines

*Haiti:*  Haitian TPS-holders will retain their status, subject to programmatic requirements, for at least 120 days after the issuance of the later of the mandates in both *Saget v. Trump*, No. 1:18-cv-1599-WFK-ST (E.D.N.Y.), *appeal filed*, No. 19-1685 (2d Cir.), and the *Ramos* action (discussed further below), to the respective district courts reversing both of the preliminary injunctions, if that occurs.  *See Continuation of Documentation for Beneficiaries of*

*Temporary Protected Status Designations for El Salvador, Haiti, Honduras, Nepal, Nicaragua, and Sudan*, 84 Fed. Reg. 59,403, 59,405-06 (Nov. 4, 2019).[1]

*El Salvador:*   Salvadoran TPS-holders will retain their status, subject to programmatic requirements, for at least 365 days after the issuance of any mandate to the district court in the *Ramos* litigation reversing the preliminary injunction, if applicable.  *Id.*

*Honduras:*   Honduran TPS-holders will retain their status, subject to programmatic requirements, for at least 120 days after the issuance of any mandate in the *Ramos* litigation to the district court reversing the preliminary injunction, if applicable.  *See Bhattarai v. Nielsen*, Case No. 3:19-cv-731-EMC (N.D. Cal.), ECF No. 23, at ¶ 6.

### B.   The *Ramos* Litigation

As discussed previously, on September 14, 2020, a divided panel of the U.S. Court of Appeals for the Ninth Circuit issued a decision in *Ramos v. Nielsen*, No. 18-16981 (9th Cir.), reversing the preliminary injunction issued by the Northern District of California that enjoined, *inter alia*, TPS terminations for Haiti and El Salvador.  Pursuant to Rule 41(b) of the Federal Rules of Appellate Procedure, the mandate is scheduled to issue "7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing *en banc*, or motion for stay of mandate, whichever is later."  On October 13, 2020, the Plaintiffs moved for an extension of time to file a petition for rehearing and, alternatively, a petition for rehearing en banc.  The Court granted the motion the next day, setting the new deadline for such a petition as November 30, 2020.  On that date, Plaintiffs filed a Petition for Panel Rehearing and Rehearing En Banc.  The Petition remains pending.

---

[1] Defendants are in the process of finalizing a Federal Register Notice to extend TPS-related documentation through October 4, 2021, but the timelines in the previous Federal Register Notice and in this status report otherwise still stand.

In light of the Petition, the earliest the *Ramos* mandate could issue (i.e., if the Ninth Circuit were to deny the Petition today) would be December 14, 2020, which means the earliest possible TPS termination date (for Honduras) is April 13, 2021.  If the Ninth Circuit grants the Petition or if it takes more time to decide the Petition, then the earliest possible termination date will be later.

## II.    Plaintiffs' Position Regarding the Schedule.

The scheduling uncertainty that Plaintiffs identified in the September 29, 2020 Joint Status Report (ECF No. 133) is not yet resolved—namely, the plaintiffs' Petition for Panel Rehearing and Rehearing En Banc in *Ramos* remains pending, the timing of the Ninth Circuit's mandate is still uncertain, and the appeal in *Saget* remains pending.  Moreover, recent events have created further uncertainty as to the future course of this litigation.[2]  Plaintiffs need to be ready to bring this case to trial in time to protect the thousands of vulnerable TPS holders affected, in the event that Defendants seek to proceed with termination of status.  However, trial may not be necessary if the current stays remain in effect, or if the Defendants change their position.

In an effort to balance these considerations, Plaintiffs do not request that the Court set this matter for trial or for a preliminary injunction hearing at this time, but Plaintiffs do respectfully propose that this case should move forward with respect to three pending motions: (i) Plaintiffs' Motion to Compel Production of Documents Improperly Withheld as Privileged

---

[2] President-elect Biden's campaign has said publicly that he intends to review TPS for vulnerable populations, and "protect TPS . . . holders from being returned to countries that are unsafe."  THE BIDEN PLAN FOR SECURING OUR VALUES AS A NATION OF IMMIGRANTS, https://joebiden.com/immigration/# (last visited November 30, 2020).  We do not know when and if the new Administration will announce specific details about the TPS program.  And, at this date, we do not know whether the current Administration will address this topic in any discussions of a transition.

3

(ECF No. 115); (ii) Plaintiffs' Motion to Compel Disputed Depositions (ECF No. 135); and (iii) Plaintiffs' Motion for Leave to File Reply Memorandum in Further Support of Plaintiffs' Motion to Compel Disputed Depositions (ECF No. 140).  Plaintiffs believe these motions should proceed for several reasons:

First, although recent events (*see* n. 2, *supra)* suggest that a further stay of this case may be appropriate, Plaintiffs were disappointed recently when, after Defendants had urged putting this case on hold, Defendants then accused Plaintiffs of delay in seeking to compel depositions. *See, e.g.*, Joint Status Report (ECF No. 133) at 8-9.  Plaintiffs dispute any suggestion that they have delayed, but do not want to create the opportunity for Defendants to argue that Plaintiffs have "sat on their rights."  *Id.* at 8.

Second, Defendants continually threaten that if this Court compels certain depositions to proceed, they may seek to overturn the Court's decision by appealing or by filing a Petition for Writ of Mandamus.  *See, e.g.*, Defendants' Opposition to Plaintiffs' Motion to Compel Disputed Depositions (ECF No. 139) at 20.  Defendants have the absolute ability to extend TPS – which means they can avoid any urgency if they want time to litigate appeals or otherwise – but as yet, the current stipulations remain in place.  Plaintiffs respectfully request that the motion to compel depositions should proceed (and, if ordered, the depositions themselves) so that the parties can get through these potential delays and complete deposition discovery, so that they will be ready to proceed to trial if necessary.

Third, Plaintiffs intend to supplement and renew their motion to compel White House discovery, as permitted by the Court's May 15, 2019 and March 9, 2020 Orders.  *See* ECF Nos. 89, 112.  Because Plaintiffs must exhaust other discovery efforts before they can file that

supplemental briefing (*see id.*), it makes sense to move forward with the outstanding discovery motions to facilitate that process.

For all of these reasons, Plaintiffs respectfully suggest that this case should move forward with respect to the referenced motions and any depositions that the Court allows, and that the Court should require the parties to file a further status report in 60 days or seven days after the Court decides the last of the three pending motions (whichever is earlier), in which the parties further address their position on the schedule going forward.

## III.     Defendants' Position Regarding the Schedule.

Given the present uncertainty referenced by Plaintiffs above, Defendants believe that it is appropriate to defer further proceedings at the present time and instead for the parties to file a joint status report either (a) 60 days from this status report or, to the extent it happens earlier, (b) 7 days after any further order from the Ninth Circuit in the *Ramos* case that further clarifies a potential effective termination date for any of the populations at issue in this case. Defendants believe that this course of action will most effectively conserve the resources of both the parties and the Court, given the potential for further developments in the near future that could significantly affect the course of future proceedings in this case.

Defendants continue to believe that Plaintiffs unnecessarily delayed filing their motion to compel depositions, as explained in Defendants' opposition to that motion. But given the circumstances referenced by Plaintiffs, Defendants believe that the best course now is to await any further developments in order to determine those developments' potential impact here. There is no exigency at present. As Plaintiffs note, *no* termination at issue in this case will take effect until mid-April 2021 *at the earliest*, but that even that earliest possible date is speculative, requiring that a series of contingent events with no fixed timeline happen in the immediate

future.  Should any such date become concrete in the future at a time when Plaintiffs believe

further proceedings remain necessary, they may seek a preliminary injunction at that time.

Respectfully submitted,

CENTRO PRESENTE, *et al.*

By their attorneys,

/s/ *Justin J. Wolosz*
Eric J. Marandett (BBO# 561730)
Justin J. Wolosz (BBO# 643543)
Allison S. Ercolano (BBO# 698601)
Anna S. Roy (BBO# 703884)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
(617) 248-5000

Oren Sellstrom  (BBO# 569045)
Oren Nimni (BBO #691821)
Iván Espinoza-Madrigal (Admitted *Pro Hac Vice*)
LAWYERS FOR CIVIL RIGHTS
61 Batterymarch Street, 5th Floor
Boston, Massachusetts  02110
(617) 988-0624

Dated: December 7, 2020

DONALD J. TRUMP, President of the
United States, in his official capacity, *et al.*

By their attorneys,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ *Adam D. Kirschner*
ADAM D. KIRSCHNER
IL Bar. No. 6286601
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 11020
Washington, DC 20530
Tel: (202) 353-9265
Fax: (202) 616-8460
Email: adam.kirschner@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address
1100 L Street NW, Room 11020
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the

registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies

will be sent to those indicated as non-registered participants.

Dated: December 7, 2020                    */s/ Justin J. Wolosz*_____